**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN REYNOLDS,<br>Plaintiff,<br>v.<br>STEVE GORDON, in his official capacity as Director of the California Department of Motor Vehicles,<br>Defendant. | No. 5:25-cv-2389 MRA (DSR)<br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE ON DEFENDANT'S MOTION TO DISMISS THIRD AMENDED COMPLAINT (DOC. NO. 66)** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint, all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge.

The Court has considered Plaintiff's June 25, 2026, Objections to the Magistrate Judge's Report and Recommendation (Doc. No. 80), as well as Defendant's Response to those Objections (Doc. No. 81), and has conducted a de novo review of those portions of the Report and Recommendation to which Plaintiff objected.

In this action, Plaintiff seeks prospective injunctive relief against the Director of the California Department of Motor Vehicles ("DMV") against an alleged "predetermined denial policy" of dealer licenses to Plaintiff's tenants at his commercial auto-mall business. The Report recommends the dismissal of Plaintiff's Third Amended Complaint without further leave to amend, for lack of standing.

(ECF No. 78.) Plaintiff's nine objections to the Report do not merit a different outcome.

First, Plaintiff objects that the Magistrate Judge erred in looking beyond the four corners of the Third Amended Complaint and adopting Defendant's manufactured factual narrative. (ECF No. 80 at 5-7.) The manufactured factual narrative allegedly was that Plaintiff did not "modify any of his dealership locations to avoid further citation," which the Magistrate Judge allegedly adopted "to rule that Plaintiff's injuries were self-inflicted or derivative of third parties." (*Id*. at 6.) Plaintiff's objection mischaracterizes the Report, which did not rely on the absence of modification to Plaintiff's dealership locations to find Plaintiff lacked standing. Instead, the Report found that Plaintiff's arguments for standing were unavailing, in part because the DMV never cited him or took any action directly against him. (ECF No. 78 at 11.)

Second, Plaintiff objects that the Magistrate Judge erred in "adopting the Defendant's jurisdictional trap and misframing a direct land-based asset embargo as a third-party licensing dispute." (ECF No. 80 at 7-9.) To the extent that Plaintiff appears to be objecting that he demonstrated standing by showing "a direct land-based asset embargo," the Court agrees with the Report that Plaintiff failed to show standing. "Nowhere does Plaintiff allege that *he* ever applied for any license, permit, or anything from the DMV. Accordingly, he does not allege that the DMV ever took any action directly against him." (ECF No. 78 at 11.)

Third, Plaintiff objects that his Third Amended Complaint satisfies the elements of Article III standing because he pleads direct first-party injury. (ECF No. 80 at 9-10.) The alleged injuries were economic and operational injuries to Plaintiff's own enterprise. (*Id*. at 9.) But as the Report explained, "even assuming that Plaintiff has met the bare requirements of Article III standing, dismissal is still appropriate if Plaintiff nevertheless does not satisfy the prudential aspects of standing." (ECF No. 78 at 11.) Thus, even if Plaintiff "could establish that

[Defendant's] practices harm [him]," he still has not shown that the Report's recommendation of dismissal for lack of standing is improper. *Warth v. Seldin*, 422 U.S. 490, 509 (1975). Plaintiff's claims "fall[] squarely within the prudential standing rule that normally bars litigants from asserting the rights or legal interests of others in order to obtain relief from injury to themselves." *Id*. Specifically, there is no indication that the people who allegedly have been denied licenses "are disabled from asserting their own right in a proper case." *Id*. at 510. As the Magistrate Judge previously explained, Plaintiff failed to show "that there is some hindrance preventing a dealer's ability to bring suit and protect his or her interests." (ECF No. 56 at 11-12).

Also in his third objection, Plaintiff objects to the Report's understatement of the significance of *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310 (9th Cir. 1989). (ECF No. 80 at 10.) In *Soranno's Gasco*, the Ninth Circuit applied "the well-established doctrine" that a corporate shareholder lacks standing to bring a civil rights action on behalf of the corporation in which he or she owns shares merely by "assert[ing] a personal economic injury resulting from a wrong to the corporation," but does have standing "where he or she has been injured directly and independently of the corporation." *Sorrano's Gasco,* F.2d at 1319. The Report noted that Plaintiff, when asked by the Court about the relevance of this decision, "responded that the case does not address that issue [of standing]." (ECF No. 78 at 9.) Plaintiff still has not shown how this decision is relevant to the standing issue raised by this action.

Fourth, Plaintiff objects that Defendant's own coercive litigation posture confirms direct targeting, and that the Report erred by looking beyond the four corners of the Third Amended Complaint. (ECF No. 80 at 10-11.) The alleged coercive litigation posture was Defendant's statement in his Motion to Dismiss that "there is no indication that Plaintiff attempted to modify any of his dealership locations to avoid further citation" by the DMV. (*Id.*; *see also* ECF No. 66 at 11.)

Again, the Report did not rely on the absence of modification to Plaintiff's dealership locations to find Plaintiff lacked standing. Instead, the Report found that Plaintiff's arguments for why he had standing were unavailing, partly because the DMV never cited him or took any action directly against him. (ECF No. 78 at 11.)

Fifth, Plaintiff objects that "*Gerhart* and the pleaded McKenzie facts support standing because the [Third Amended Complaint] alleges individualized, location-based targeting." (ECF No. 80 at 12-13.) Plaintiff's reliance on *Gerhart* is a reference to *Gerhart v. Lake County, Mont*., 637 F.3d 1013. 1022 (9th Cir. 2011), where the Ninth Circuit held that a property owner had a triable equal protection claim on a "class of one" theory, based on allegedly differential treatment of the property owner during a permit application process. Plaintiff's reliance on *Gerhart* is misplaced because Plaintiff never alleged that he ever engaged in a permit application process. (ECF No. 78 at 11.) Plaintiff's reliance on the "pleaded McKenzie facts" is a reference to his allegation in the Third Amended Complaint that an inspector named McKenzie made a "statement regarding instructions to 'fall all at Cactus[.]'" (ECF No. 65 at 17 ¶ 32.) This allegation, a reference to the failure of the tenant-applicants to obtain licenses, does not undermine the Report's analysis that Plaintiff failed to allege that he "ever applied for any license, permit, or anything from the DMV." (ECF No. 78 at 11.)

Sixth, Plaintiff objects that *Craig v. Boren*, 429 U.S. 190 (1976), applies here because the state seeks to coerce operator compliance through proxy regulation. (ECF No. 80 at 13-14.) In *Boren*, the Supreme Court held that a beer vendor had standing to challenging a state law prohibiting the sale of 3.2% beer to young men because the vendor was subject to "sanctions and perhaps loss of license" if she violated the law. *Boren*, 429 U.S. at 194. The Report already explained why *Boren* does not help Plaintiff here. (ECF No. 78 at 12.) Plaintiff is challenging DMV licensing determinations that regulate tenant-applicants, not Plaintiff himself. (*Id.*)

Plaintiff does not persuasively challenge the Report's explanation.

Seventh, Plaintiff objects that the Report's reliance on *O'Bannon v. Town Court Nursing Center*, 447 U.S. 773 (1980), is misplaced because the DMV executed a location-based embargo, not an incidental benefit reduction. (ECF No. 80 at 14-15.) Plaintiff appears to be referring to Defendant's citation, in his Motion to Dismiss, to *O'Bannon*, 447 U.S. at 787, for the proposition that "indirect and incidental result of [government action] does not amount to a deprivation of any interest in life, liberty, or property." (ECF No. 66 at 14.) The Report did not cite *O'Bannon* in its standing analysis. (ECF No. 78.) Thus, the objection is erroneous.

Eighth, Plaintiff objects that the Report committed an error of law by prematurely terminating the action based entirely on a misframed threshold standing analysis without a consideration of the substantive merits. (ECF No. 80 at 15-16.) The Court agrees with the Report's standing analysis. As the Report further explained, it follows that, because subject matter jurisdiction is lacking, the action must be dismissed in its entirety. (ECF No. 78 at 13.) Where subject matter jurisdiction is lacking, the Court "retain[s] no power to make judgments relating to the merits of the case." *Cook v. Peter Kiewit Sons Co.*, 775 F.2d 1030, 1035 (9th Cir. 1985).

Ninth, Plaintiff objects that the Report erred by recommending dismissal without further leave to amend and that jurisdictional terminations preclude a closure with prejudice. (ECF No. 80 at 16.) The Court agrees with the Report that further leave to amend is not warranted. (ECF No. 78 at 13-14.) Despite the Court's prior discussion and analysis of the standing issue, Plaintiff's Third Amended Complaint still was deficient, which "makes it clear that Plaintiff has made his best case in that regard and has no further facts he can plead to establish standing." (*Id*. at 14.) Moreover, contrary to Plaintiff's objection, the Report makes clear that closure of this action would be without prejudice. (ECF No. 78 at 13.)

Having conducted a de novo review, Plaintiff's Objections do not cause this Court to alter or modify the Report and Recommendation.

Accordingly, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge, and GRANTS Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint, without leave to amend. This case is DISMISSED, without prejudice, for lack of jurisdiction.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order herein on Plaintiff at Plaintiff's current address of record, as well as all parties who have appeared in the action.

IT IS SO ORDERED.

DATED: July 22, 2026

HON. MÓNICA RAMÍREZ ALMADANI
UNITED STATES DISTRICT JUDGE